# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lataben Patel | Harleysville Bank |

| (b) County of Residence of First Listed Plaintiff   Bucks County | County of Residence of First Listed Defendant   Montgomery County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>       THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Brian C. Farrell, Esq., Console Mattiacci Law, LLC<br>1525 Locust St., 9th Fl., Philadelphia, PA 19102 (215) 545-7676 | Attorneys *(If Known)* |
|---|---|

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §12101, et seq.

Brief description of cause:
Discrimination on the basis of disability; failure to accommodate; retaliation for requesting accommodations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:

JUDGE _____ DOCKET NUMBER _____

DATE
10/04/2021

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Quakertown, PA _____

Address of Defendant: _____ Harleysville, PA 19438 _____

Place of Accident, Incident or Transaction: _____ Harleysville, PA 19438 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/04/2021 _____    _____ 319145 _____
                                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. | Federal Question Cases: | | B. | Diversity Jurisdiction Cases: |
|----|------|--|----|------|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | | ☐ 6. | Other Personal Injury *(Please specify):* _____ |
| ☑ 7. | Civil Rights | | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | | *(Please specify):* _____ |
| ☐ 11. | All other Federal Question Cases *(Please specify):* _____ | | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Brian C. Farrell _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 10/04/2021 _____    _____ 319145 _____
                                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Lataben Patel | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Harleysville Bank | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                                        ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court.  (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                                          ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| 10/04/2021 | | Plaintiff, Lataben Patel |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | farrell@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|   |   |   |
|---|---|---|
| | : | |
| **LATABEN PATEL** | : | |
| | : | **C.A. NO.:** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **HARLEYSVILLE BANK** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

_____

## COMPLAINT

## I.   PRELIMINARY STATEMENT

Plaintiff Lataben Patel ("Plaintiff"), through her undersigned counsel, files this Civil Action Complaint against her former employer, Defendant Harleysville Bank ("Defendant"). Plaintiff asserts discrimination, failure to accommodate, and retaliation claims against Defendant under the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, *et seq.*, ("ADA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

Plaintiff seeks all available damages, including economic loss, compensatory, and punitive damages, together with all other relief under applicable federal and state law as this Court deems appropriate.

## II.   PARTIES

1.       Plaintiff Lataben Patel is an individual and citizen of Pennsylvania who currently resides in Quakertown, Pennsylvania.

2.       Defendant Harleysville Bank is a bank incorporated in Pennsylvania, maintaining a principal place of business at 271 Main Street, Harleysville, PA 19438.

1

3.      At all times material to this action, Plaintiff worked for Defendant out of its branch location in Hatfield, Pennsylvania.

4.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in Pennsylvania.

5.      At all times material to this action, Defendant employed more than 15 employees.

6.      At all times material to this action, Defendant was an employer within the meaning of the ADA and PHRA.

7.      At all times material to this action, Plaintiff was an employee of Defendant within the meaning of the ADA and PHRA.

8.      At all times material to this action, Defendant acted by and through its authorized agents or employees acting within the course and scope of their employment with Defendant.

## III.    JURISDICTION AND VENUE

9.      The causes of action set forth in this Complaint arise under the ADA, as amended, 42 U.S.C. §12101, *et seq.* (Count I-III); and the PHRA, 43 P.S. §951, *et seq.* (Counts IV-VI).

10.     The District Court has subject matter jurisdiction over Counts I-III (ADA) pursuant to 28 U.S.C. §1331.

11.     The District Court has supplemental jurisdiction over Counts IV-VI (PHRA) pursuant to 28 U.S.C. §1367.

12.     Defendant is subject to the personal jurisdiction of this Court because, among other things, the case arises out of or relates to the contacts of Defendant with Pennsylvania, and those contacts are continuous and systematic such that Defendant is at home in Pennsylvania.

13.     Venue is proper under 28 U.S.C. § 1391(b).

2

14.     On or about April 12, 2021, Plaintiff dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation alleged below. Attached, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

15.     On or about July 7, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue. Attached and marked as Exhibit "B" is a true and correct copy of that Notice, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

16.     Plaintiff has complied with all administrative requirements for the institution of this civil action.

IV.    **FACTUAL ALLEGATIONS SUPPORTING CLAIMS**

17.     Plaintiff was employed by Defendant from on or about June 2, 2010 until on or about December 31, 2020.

18.     Throughout her employment, Plaintiff held the following positions: Bank Teller, Advanced Teller/Customer Service Representative ("CSR"), Senior Teller/CSR, and Professional Teller/CSR, which was her final position with Defendant.

19.      At all times material to this action, Plaintiff reported directly to Daniel Brasch ("Brasch"), Branch Manager.

20.     During Plaintiff's 10-year career with Defendant, she was a dedicated, hard-working employee who performed her job duties in an exceptional manner.

21.     In or about early April 2020, Plaintiff tested positive for the COVID-19 virus.

3

22.     Soon after, on or about April 6, 2020, Plaintiff informed Brasch and Patricia Swan ("Swan"), Vice President - Human Resources Manager, of her positive COVID-19 test and immediately requested a medical leave of absence from work to quarantine.

23.     Plaintiff's doctor recommended that she remain out of work until June 1, 2020 due to her COVID-19 diagnosis. Plaintiff informed Defendant of the same and provided Defendant with a medical certification from her doctor to support this leave-of-absence request.

24.     Defendant approved her request for a medical leave of absence through June 1, 2020 pursuant to the Family and Medical Leave Act ("FMLA"). The first two weeks of Plaintiff's medical leave (April 6, 2020 through April 20, 2020) were taken under the Families First Coronavirus Response Act.

25.     In or about October 2020, Plaintiff was diagnosed with stage 1 endometrial cancer.

26.     This medical condition constituted a disability within the meaning of the ADA and the PHRA in that it substantially impaired one or more of Plaintiff's major life activities, including, but not limited to, regular and normal cell growth.

27.     In or about mid-October 2020, Plaintiff requested that Defendant grant her a medical leave of absence pursuant to the FMLA so that she could undergo cancer surgery.

28.     Plaintiff provided Defendant the necessary FMLA forms completed by her doctor to support this request. These FMLA forms indicated the date of December 7, 2020 as Plaintiff's return-to-work date.

29.     Defendant approved Plaintiff's FMLA request from October 26, 2020 until December 7, 2020.

30.     On or about October 26, 2020, Plaintiff underwent cancer surgery at Einstein Hospital.

4

31.    Following the cancer surgery, Plaintiff experienced post-surgery health complications during the recovery process.

32.    On or about December 3, 2020, Plaintiff provided Defendant updated medical documentation from her doctor which indicated she could no longer return to work on December 7, 2020 due to post-surgery medical complications.

33.    In that documentation, as well as in a December 4, 2020 email to Gia Freed ("Freed"), Human Resources Generalist, Plaintiff informed Defendant that she would need a brief extension to her medical leave of absence to complete her recovery from the cancer surgery and its related complications.

34.    Plaintiff requested that Defendant extend her medical leave of absence until February 1, 2021, which was the new date approved by her doctor for her return to work.

35.    Plaintiff's request for a short extension of her medical leave of absence for a definite period of time constituted a request for a reasonable accommodation under the ADA and PHRA.

36.    By providing Defendant a new date certain of February 1, 2021 for her return to work, Plaintiff did not request that Defendant extend her medical leave of absence for an indefinite, unknown period of time.

37.    On or about December 14, 2020, Swan and Brasch requested Plaintiff's presence on a conference call scheduled for following day to discuss the extension request.

38.    On or about December 15, 2020, during the conference call, Swan and Brasch terminated Plaintiff's employment, effective December 31, 2020.

39.    Swan and Brasch claimed that Plaintiff had "exhausted" her 12 weeks of FMLA leave and that, as a result, Defendant no longer had any obligation to maintain her position.

40.     Defendant failed to accommodate Plaintiff's disability by rejecting her request for a brief extension of her medical leave for a definite period of time, to February 1, 2021.

41.     In terminating Plaintiff's employment and rejecting her accommodation request, Defendant failed to engage Plaintiff in a good faith interactive process.

42.     In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of her disability.

43.     In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for requesting a reasonable accommodation.

44.     Upon information and belief, Defendant replaced Plaintiff with a non-disabled employee and/or disseminated her job duties to a non-disabled employee.

45.     As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has incurred, and may incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – ADA
### (Disparate Treatment)
### Plaintiff v. Defendant

46.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

47.     Plaintiff's disability was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

48.     By committing the foregoing acts of discrimination against Plaintiff, including, without limitation, failing to accommodate her disability and terminating her employment, Defendant has violated the ADA.

6

49.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

50.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

51.     Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

## COUNT II – ADA
### (Retaliation)
### Plaintiff v. Defendant

52.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

53.     Plaintiff's requests for accommodation were a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

54.     By committing the foregoing acts of retaliation against Plaintiff, including, without limitation, failing to accommodate her disability and terminating her employment, Defendant has violated the ADA.

55.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

56.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

57.     Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

7

## COUNT III – ADA
### (Failure to Accommodate)
### Plaintiff v. Defendant

58.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

59.     Defendant failed to accommodate Plaintiff's disability by rejecting her request for a brief extension of her medical leave for a definite period of time, to February 1, 2021.

60.     In terminating Plaintiff's employment and rejecting her accommodation request, Defendant failed to engage Plaintiff in a good faith interactive process and violated the ADA.

61.     As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

62.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

63.     Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages

## COUNT IV - PHRA
### (Disparate Treatment)
### Plaintiff v. Defendant

64.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

65.     Plaintiff's disability was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

66.     By committing the foregoing acts of discrimination against Plaintiff, including, without limitation, failing to accommodate her disability and terminating her employment, Defendant has violated the PHRA.

67.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

68.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

### COUNT V - PHRA
#### (Retaliation)
#### Plaintiff v. Defendant

69.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

70.     Plaintiff's requests for accommodation were a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

71.     By committing the foregoing acts of and retaliation against Plaintiff, including, without limitation, failing to accommodate her disability and terminating her employment, Defendant has violated the PHRA.

72.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

73.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT VI - PHRA
### (Failure to Accommodate)
### Plaintiff v. Defendant

74.     Plaintiff incorporates the foregoing allegations of this Complaint as if set forth herein in their entirety.

75.     Defendant failed to accommodate Plaintiff's disability by rejecting her request for a brief extension of her medical leave for a definite period of time, to February 1, 2021.

76.     In terminating Plaintiff's employment and rejecting her accommodation request, Defendant failed to engage Plaintiff in a good faith interactive process and violated the PHRA.

77.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

78.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory acts unless and until this Court grants the relief requested herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically requests that this Court grant her the following relief by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADA;

(b)     declaring the acts and practices complained of herein to be in violation of PHRA;

(c)     enjoining and permanently restraining the violations alleged herein;

(d)     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e)     awarding compensatory damages to make Plaintiff whole for all lost earnings,

earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(f)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g)     awarding punitive damages to Plaintiff;

(h)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(i)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

CONSOLE MATTIACCI LAW, LLC

By: /s/ Brian C. Farrell
Brian C. Farrell, Esquire
PA ID No. 319145
Console Mattiacci Law, LLC
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 565-2851 (fax)
farrell@consolelaw.com
Attorney for Plaintiff, Lataben Patel

Date: October 4, 2021

11

# Exhibit "A"

| CHARGE OF DISCRIMINATION | | AGENCY FEPA | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | **X** EEOC | 530-2021-02855 |
| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission | | | |

| NAME (Indicate Mr., Ms., **Mrs.**) **Lataben Patel** | | TELEPHONE NUMBER *(Include Area Code)* | |
|---|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP Quakertown, PA 18951 | DATE OF BIRTH | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME **Harleysville Bank** | NUMBER OF EMPLOYEES, MEMBERS >15 | TELEPHONE (Include Area Code) (215) 256-8828 |
|---|---|---|
| STREET ADDRESS 271 Main Street | CITY, STATE AND ZIP **Harleysville, PA 19438** | COUNTY Montgomery |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))* __ Race __Color __ Sex __ National Origin **_X_** Retaliation __Age **_X_** Disability __Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE *Earliest*          *Latest* **December 15, 2020** |
|---|---|

### The Particulars Are:

A.    1.    Relevant Work History

I was employed by Respondent, Harleysville Bank (hereinafter, "Respondent"), from on or about June 2, 2010 until on or about December 31, 2020, the date of my termination. Throughout my employment, I held the following positions: Bank Teller, Advanced Teller/Customer Service Representative ("CSR"), Senior Teller/CSR, and the most recent position of a Professional Teller/CSR at Respondent's Hatfield, Pennsylvania location. At all relevant times, I reported directly to Daniel Brasch ("Brasch"), Branch Manager. During my ten-year career with Respondent, I was a dedicated, hard-working employee and performed my job duties in an exceptional manner.

2.    Harm Summary

I believe and aver that Respondent discriminated against me based upon my disability and retaliated against me for requesting reasonable accommodations in connection with the same, culminating in the termination of my employment. Evidence of Respondent's discriminatory and retaliatory conduct includes, but is not limited to, the following:

a) In or about early April 2020, I tested positive for the COVID-19 virus.

1

b) Shortly thereafter, on or about April 6, 2020, I informed Brasch and Patricia Swan ("Swan"), Vice President - Human Resources Manager, of my positive COVID-19 test and immediately requested a medical leave of absence from work to quarantine.

c) My doctor recommended that I remain out of work until June 1, 2020 due to my COVID-19 diagnosis. I informed Respondent of the same and provided Respondent with a medical certification from my doctor to support this leave-of-absence request.

d) Respondent approved my request for a medical leave of absence through June 1, 2020 pursuant to the Family and Medical Leave Act ("FMLA"). The first two weeks of my medical leave (April 6, 2020 through April 20, 2020) were taken pursuant to the Families First Coronavirus Response Act.

e) In or about October 2020, I was diagnosed with stage 1 endometrial cancer. This medical condition constituted a disability within the meaning of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") in that it substantially impaired one or more of my major life activities, including, but not limited to, regular and normal cell growth.

f) In or about mid-October 2020, I requested that Respondent grant me a medical leave of absence pursuant to the FMLA so that I could undergo cancer surgery. I provided Respondent the necessary FMLA forms completed by my doctor to support this request. These FMLA forms also indicated the date of December 7, 2020 as my return-to-work date.

g) Respondent approved my FMLA request from October 26, 2020 until December 7, 2020.

h) On or about October 26, 2020, I underwent cancer surgery at Einstein Hospital.

i) Following my cancer surgery, I experienced post-surgery health complications throughout the recovery process.

j) On or about December 3, 2020, I provided Respondent updated medical documentation from my doctor which indicated I could no longer return to work on December 7, 2020 due to post-surgery medical complications.

k) In that documentation, as well as in a December 4, 2020 e-mail to Gia Freed ("Freed"), Human Resources Generalist, I informed Respondent that I would need a brief extension to my medical leave of absence in order to complete my recovery from the cancer surgery and its related complications. Specifically, I requested that Respondent extend my medical leave of absence until February 1, 2021, which was the new date approved by my doctor for my return to work.

2

l) This request for a short extension of my medical leave of absence for a definite period of time constituted a request for a reasonable accommodation under the ADA and PHRA.

m) By providing Respondent a new date certain of February 1, 2021 for my return to work, I did not request that Respondent extend my medical leave of absence for an indefinite, unknown period of time.

n) On or about December 14, 2020, Swan and Brasch requested my presence on a conference call scheduled for following day to discuss my extension request.

o) On or about December 15, 2020, during this conference call, Swan and Brasch terminated my employment, effective December 31, 2020. Swan and Brasch claimed that I had "exhausted" my 12 weeks of FMLA leave and that, as a result, Respondent no longer had any obligation to maintain my position.

p) Respondent failed to accommodate my disability by rejecting my request for a brief extension of my medical leave for a definite period of time to February 1, 2021.

q) In terminating my employment and rejecting my reasonable accommodation request, Respondent failed to engage me in a good faith interactive process.

r) In terminating my employment, Respondent discriminated against me because of my disability.

s) In terminating my employment, Respondent retaliated against me for requesting a reasonable accommodation in the form of a brief extension to my medical leave of absence.

t) Upon information and belief, Respondent replaced me with a non-disabled employee and/or disseminated my job duties to a non-disabled employee.

B.   Respondent's Stated Reasons:

a)   Respondent has not provided any legitimate nondiscriminatory explanation for discriminating against me because of my disability.

b)   Respondent has not provided any legitimate nonretaliatory explanation for subjecting me to unlawful retaliation for requesting reasonable accommodations.

c)   Respondent has not provided any legitimate nondiscriminatory or nonretaliatory explanation for terminating my employment.

C.    Statutes and Basis for Allegations

I believe that Respondent discriminated against me based on my disability and retaliated against me based on my requests for reasonable accommodations, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended 43 P.S. § 951, *et seq.* ("PHRA"), as set forth herein.

| | |
|---|---|
| _X_  I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Date: 04/11/2021          Charging Party *Lataben Patel* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Lataben Patel v. Harleysville Bank**

EEOC No. _530-2021-02855_____

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

_X_ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X___ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _____  04/11/2021
Signature and Date (Lataben Patel)

# Exhibit "B"

EEOC Form 161 (11/2020)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: **Lataben Patel** | From: | **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1000**<br>**Philadelphia, PA 19107** |
|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2021-02855** | **Legal Unit,**<br>**Legal Technician** | **(267) 589-9707** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R Hutter*

**Dana R. Hutter,**
**Deputy Director**

**7/7/2021**

*(Date Issued)*

Enclosures(s)

cc:

| **Mary J. Pedersen**<br>**Wisler Pearlstine, LLP**<br>**460 NORRISTOWN RD; STE 110**<br>**Blue Bell, PA 19422** | **Brian C Farrell, Esq.**<br>**CONSOLE MATTIACCI LAW, LLC**<br>**1525 Locust Street, 9th Floor**<br>**Philadelphia, PA 19102** |
|---|---|